IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00793-MSK-MEH

**ROSAURA ESPINOZA AVILA,**

    Petitioner,

v.

**DAGOBERTO MARRUFO MORALES and concerning the minor Children A.G.E.M. and A.E.M,**

    Respondent.
_____

**OPINION AND ORDER ADOPTING RECOMMENDATION, GRANTING PETITION, AND DIRECTING RETURN OF THE CHILDREN**
_____

**THIS MATTER** comes before the Court pursuant to the July 31, 2013 Recommendation **(# 41)** of the Magistrate Judge that Ms. Avila's Petition **(# 1)** be granted.

More than 14 days have passed since that Recommendation was served on the parties, and no party has filed objections to that Recommendation. Fed. R. Civ. P. 72(b). Where no party objects to a Recommendation, the Court reviews the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).

Here, the Magistrate Judge conducted an evidentiary hearing and made thorough findings of fact. This Court has reviewed those factual findings as to whether the Magistrate Judge abused his discretion or made findings that were unsupported by substantial evidence. Upon such review, the Court finds no error in the Magistrate Judge's factual findings, and thus adopts them. The Court has reviewed the Magistrate Judge's conclusions of law under the otherwise

applicable *de novo* standard.  Fed. R. Civ. P. 72(b).  Upon that review, the Court agrees with the Magistrate Judge's reasoning and legal conclusions.

Specifically, the Court finds that Ms. Avila has a custodial interest in the minor children under Mexican law; that the children's habitual residence prior to the events at issue here was Durango, Mexico;  that Ms. Avila was exercising her custodial rights at the time the children were retained by Mr. Morales in the United States; and that Mr. Morales' retention of the children in the United States was without the consent and approval of Ms. Avila.  These conclusions give rise to a finding that Ms. Avila has carried her burden of proof, entitling her to a presumption that Mr. Morales should be directed to return the children to Ms. Avila's custody in Mexico.  42 U.S.C. § 11603(e)(1).  The Court further agrees with the Magistrate Judge that Mr. Morales did not carry his burden of showing any defenses to the obligation to return the children.  42 U.S.C. § 11603(e)(2).

Accordingly, the Court **ADOPTS** the Recommendation **(# 41)** in its entirety and **GRANTS** Ms. Avila's Petition **(# 1)**.  Mr. Morales shall effect the return of the children to Mexico, at his expense under 42 U.S.C. § 11607(b)(3), to be completed within 21 days of the date of this Order.  The Court encourages the parties, either directly or through their counsel, to make mutually-acceptable arrangements and logistics to effect such return; in the absence of a mutually-agreeable process to complete the return of the children, the Court will entertain a motion by Ms. Avila to direct that Mr. Morales effect the return of the children in a particular

way and at a particular time.  To the extent Ms. Avila intends to move for an award of collateral costs and fees, she may do so within 14 days of the date of this Order.

Dated this 1st day of  October, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge